# Craig *v.* Atkinson, Appellant.

*Replevin—Title by possession—Insufficient title.*

In an action of replevin to recover an automobile, the party establishing title by possession, corroborated by other evidence as to the care and maintenance of the machine is entitled to the property.

Where, as between the parties to the suit, the legality of the original transfer of the property is not to be considered, the question of title is one of fact, and having been fully considered and rightly disposed of by the county court, the findings will not be disturbed on appeal.

Argued May 8, 1919. Appeal, No. 101, April T., 1919, by defendant, from order of C. P. Allegheny County, July T., 1918, No. 946, refusing appeal from judgment of County Court of Allegheny County in the case of Marcella Craig, by her father and next friend, H. O. Craig, v. Fred Atkinson. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Affirmed.

Rule to show cause why appeal should not be allowed from judgment of the County Court of Allegheny County.

From the record it appeared that the plaintiff brought an action of replevin to recover the possession of an automobile, in the County Court of Allegheny County. The case was tried by the court without a jury and judgment rendered in favor of the plaintiff in the sum of five hundred ($500) dollars. A rule to open said judgment was taken which the court made absolute and granted a new trial.

A second trial of said action was had before the court without a jury, and judgment was rendered in favor of the plaintiff, and the value of the automobile fixed at three hundred and fifty ($350) dollars. A petition for an appeal was presented to the court of common pleas which was refused. Defendant appealed.

The facts are set forth in the opinion of the Superior Court.

*Error assigned* was order of the court refusing appeal from the judgment of the county court.

*Paul A. Stuart,* for appellant.

*Benjamin H. Thompson,* and with him *H. K. Shaffer,* for appellee.

OPINION BY ORLADY, P. J., July 17, 1919:

The defendant raises a number of questions on this appeal that are not at all material to its proper disposition. Only the plaintiff and the defendant are interested, and we are not called on to decide the legality or propriety of the question he deems of vital importance, to wit: an alleged lottery transaction—conducted by a fire company. The unquestioned fact is, that the fire company owned a Chevrolet five-passenger automobile, the title to which, under proceedings that were perfectly satisfactory to the company, the plaintiff and the defendant, was transferred to Miss Marcella Craig, the plaintiff, she giving her receipt therefor to the company, and taking physical possession of it, housing it in a garage in her own name, making application for and receiving a license from the State Highway Department of Pennsylvania, with her name as owner of the machine, operated by her own hand or under her direction, from June to October, 1916, and she paying rent and charges for repairs, all of which was done with the defendant's knowledge and consent. The defendant accompanied her many times as her guest,—"keeping company with her."

These facts are conceded by the defendant, and when asked if he owned the car, his answer was significant, "I claim it as mine. I don't know whether it is or not." In the latter part of October, 1917, the car needed repairs. Miss Craig was absent from home, and the defendant

asked her mother, "if he could take the car out of the garage and have it repaired, so that when Marcella came home they could use it." Permission was given and the defendant took the car and has held it since that date, basing his title on transactions that occurred prior to the delivery of the car to Miss Craig by the fire company. This action of replevin was brought to recover its possession.

It was twice tried in the County Court of Allegheny before one of the judges without a jury, in both of which issues judgment was given against the defendant; in the last the value of the car was fixed at $350. The defendant then presented his petition to the Court of Common Pleas of Allegheny County for the allowance of an appeal to that court from the judgment of the county court, and after argument the appeal was refused. From this judgment an appeal was taken to this court. All parties identified with the transaction were heard in the county court, and we find no reversible error in the record to warrant a third hearing of a purely disputed fact, which was fully considered and rightly disposed of by the county court. The appeal was properly refused and the judgment is affirmed.